**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-20933-CIV-ALTONAGA**

**ARMANDO FERNANDEZ-LARIOS**,

       Petitioner,

v.

**CHARLES PARRA**, *et al.*,

       Respondents.

_____/

## <u>ORDER</u>

**THIS CAUSE** came before the Court *sua sponte*. On February 11, 2026, Petitioner, Armando Fernandez-Larios filed a Petition for Writ of Habeas Corpus ("Petition") [ECF No. 1] asserting five claims for relief. (*See id.* ¶¶ 22–48). Upon review, the Court concludes that the Petition is an impermissible shotgun pleading and must be dismissed.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Id.* (alterations added). "Rule 8(a)(2)'s purpose is to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *LaCroix v. W. Dist. of Ky.*, 627 F. App'x 816, 818 (11th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "a [pleading] must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration added) (quoting *Bell Atl. Corp.*, 550 U.S. at 570).

Habeas petitions are pleadings subject to Rule 8. *See Ortiz Chirinos v. Immigration & Customs Enf't, et al.*, No. 6:26-cv-00264, 2026 WL 327639, at *8 (M.D. Fla. Feb. 8, 2026) ("[T]he [Habeas] Petition is a shotgun pleading subject to dismissal pursuant to Rule 8[.]") "[Petitions] that violate [] Rule 8(a)(2) . . . are often disparagingly referred to as 'shotgun pleadings.'" *Weiland*

*v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (alteration added).  "The typical shotgun [petition] contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."  *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (alterations added).

Such petitions make it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."  *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (citation omitted).  For this reason, "shotgun pleadings are routinely condemned by the Eleventh Circuit."  *Real Estate Mortg. Network, Inc. v. Cadrecha*, No. 8:11-cv-474, 2011 WL 2881928, at *2 (M.D. Fla. July 19, 2011) (citing *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991)).

The Petition is a quintessential shotgun pleading.  Petitioner's second through fifth claims for relief each incorporate by reference each of the preceding paragraphs.  (*See* Pet. ¶¶ 26, 36, 41, 45).  Petitioner's copy-paste approach makes it difficult to ascertain what factual allegations and legal conclusions correspond to each claim.  *See Beckwith v. Bellsouth Telecommc'ns Inc.*, 146 F. App'x 368, 372 (11th Cir. 2005).  That is precisely the defect the Eleventh Circuit has repeatedly condemned: "[t]he result is that [the second through fifth] count[s] [are] replete with factual allegations [and legal conclusions] that could not possibly be material to th[ose] specific count[s]."  *Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (alterations added).

Accordingly, it is

**ORDERED** that Petitioner, Armando Fernandez-Larios's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **DISMISSED without prejudice**.  Petitioner has until **February 23, 2026** to submit an amended petition correcting the foregoing deficiencies.

CASE NO. 26-20933-CIV-ALTONAGA

**DONE AND ORDERED** in Miami, Florida, this 13th day of February, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:      counsel of record

3