**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-20933-CIV-ALTONAGA**

**ARMANDO FERNANDEZ-LARIOS**,

        Petitioner,

v.

**CHARLES PARRA**, *et al.*,

        Respondents.

_____/

## <u>ORDER</u>

**THIS CAUSE** came before the Court on Petitioner, Armando Fernandez-Larios's First Amended Petition for Writ of Habeas Corpus . . . [ECF No. 4], filed on February 20, 2026.  At the time he filed the Petition, Petitioner was challenging his detention at the Krome Detention Center ("Krome") in Miami, Florida.  (*See generally id.*).  Respondents filed a Return [ECF No. 9]; to which Petitioner filed a Reply [ECF No. 11].  The Court has reviewed the record, the parties' written submissions, and applicable law.  For the following reasons, the Petition is denied.

**Background.**  Petitioner is a 76-year-old Chilean national.  (*See* Pet. ¶¶ 1, 3).  On January 29, 1987, Petitioner — who was then living outside the United States — entered into a plea agreement with the United States Attorney's Office in Washington, D.C.  (*See id.* ¶ 5).  The agreement contemplated Petitioner's return to the United States to plead guilty to a charge of "Accessory After the Fact to Murder of an Internationally Protected Person."  (*Id.* ¶ 7 (quoting *id.*, Ex. A, Plea Agreement [ECF No. 4-1] 3)).[1]  In exchange, the Government "would neither seek to

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

deport Petitioner to Chile nor cooperate in his extradition to Chile, absent a violation of the agreement." (*Id.* ¶ 8).

Petitioner returned to the United States and "serve[d] the term of imprisonment imposed upon him." (*Id.* ¶¶ 9–12 (alteration added)). Decades later, in 2024, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear, and he was detained by Immigration and Customs Enforcement ("ICE") on October 27, 2025. (*See id.* ¶¶ 23–24).

In his Petition, Petitioner asserts two claims for relief. (*See generally id.*). In Count I, Petitioner alleges his detention "violates the Constitution and laws of the United States[.]" (*Id.* ¶ 39 (alteration added)). In Count II, Petitioner brings a breach-of-contract claim, alleging the Government breached the terms of the parties' plea agreement. (*See id.* ¶¶ 40–47).

On March 19, 2026 — the same day Respondents' Return was due — the Government paroled Petitioner. (*See* Interim Notice Authorizing Parole [ECF No. 10-1]). Respondents then asked the Court to dismiss Count I as moot and Count II as improperly included in a habeas petition. (*See generally* Return). Petitioner disputed both arguments in his March 24, 2026 Reply. (*See generally* Reply). The next day, Respondents filed a Notice [ECF No. 12] advising that DHS terminated Petitioner's enrollment in the Alternatives to Detention Program. (*See id.*, Ex. 1, Notice to Terminate ATD Participation [ECF No. 12-1]). On January 26, 2026, Petitioner filed a Supplement [ECF No. 13] to his Reply acknowledging that "the only remaining issue is set forth in Count II[.]" (*Id.* ¶ 3 (alteration added)).

As Count I is no longer at issue, the Court only evaluates the sufficiency of Count II.

**Standard.** District courts have the authority to grant petitions for writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may issue to a

petitioner who demonstrates he is detained in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and thus to be within the core of habeas corpus, a petitioner must seek either immediate release from that confinement or the shortening of its duration." *Grigorian v. Bondi*, No. 25-cv- 22914, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025) (quotation marks and citation omitted). The Court's habeas jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

***Count II***. Petitioner asserts that Respondents materially breached the parties' plea agreement by initiating removal proceedings and detaining Petitioner for the purpose of deporting him to Chile. (*See* Pet. ¶ 47). Even though he has been released from detention at Krome, Petitioner argues "Respondents continue to subject Petitioner to removal proceedings . . . in direct violation of the terms of the 1987 Plea Agreement[.]" (Supp. ¶ 5 (alterations added)).

Again, a petition for a writ of habeas corpus is the proper method to seek relief from unlawful detention. *See Allen v. Dep't of Child. & Fams.*, No. 12-cv-78, 2012 WL 1085585, at *1 (N.D. Fla. Mar. 31, 2012). In Count II, however, Petitioner seeks alternative relief more appropriately pursued in a civil action and not through a habeas petition. *See King v. Carlton*, No. 21-cv-21634, 2021 WL 1738766, at *1–2 (S.D. Fla. May 3, 2021) (distinguishing between relief properly sought in a habeas action versus other civil actions). Petitioner — who is no longer detained or subject to DHS custody — has only paid the $5.00 filing fee for a habeas action (*see generally* Dkt.), but he seeks relief beyond what is generally proper in habeas.

Petitioner cites *Rumsfeld v. Padilla*, 542 U.S. 426 (2004), and *Jones v. Cunnigham*, 371 U.S. 236 (1963), in arguing that — given alleged restrictions on his liberty — habeas is still proper. (*See* Supp. ¶ 6 n.1). True, in *Padilla*, the Court acknowledged that its "understanding of custody

CASE NO. 26-20933-CIV-ALTONAGA

has broadened to include restraints short of physical confinement[.]" 542 U.S. at 437 (alteration added). And the *Jones* Court noted "there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus." 371 U.S. at 240. But Petitioner has failed to demonstrate how — considering his recent release from DHS custody — his liberty interest is still implicated such that habeas relief would be appropriate. While Petitioner states he is still subject to removal proceedings, in apparent violation of the parties' plea agreement, he points to no pending removal proceeding or threatened proceeding.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Petitioner, Armando Fernandez-Larios's First Amended Petition for Writ of Habeas Corpus . . . [**ECF No. 4**] is **DENIED**. Count I is dismissed as moot, and Count II is dismissed without prejudice. Final judgment will be entered by separate order. The Clerk of Court is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 30th day of March, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

4